MEMORANDUM *
Jerome L. Pitts was convicted, after a jury trial, of one count of being a felon in possession of a firearm and sentenced to 84 months’ imprisonment. He appeals the district court’s denial of his motion to suppress evidence obtained as a result of the investigative stop that yielded the firearm. He also contends that his sentence was infected by procedural errors. We have jurisdiction under 28 U.S.C. § 1291, and affirm the judgment of conviction, vacate the sentence and remand for resentencing.
1. Motion to Suppress
Pitts contends that police did not have a reasonable suspicion of criminal activity to support the investigative stop that led to the discovery of the firearm.
A Phoenix police officer conducting surveillance on an alley known for a high volume of illegal narcotics activity observed Pitts engage in two or more hand-to-hand contacts with passers-by. Based on his training and experience, the officer believed the hand-to-hand contacts were drug transactions. When Pitts attempted to leave the alley in a car, police stopped him and discovered the firearm.
Although no officer observed money or drugs change hands, the totality of the circumstances supports the district court’s determination that police reasonably suspected that Pitts had committed a crime. See United States v. Arvizu, 534 U.S. 266, 277, 122 S.Ct. 744, 151 L.Ed,2d 740 (2002). Affording due weight to the factual inferences drawn by the officers on the scene and considering the totality of the circumstances on which they relied, see United States v. Berber-Tinoco, 510 F.3d 1083, 1087 (9th Cir.2007), we affirm the district court’s denial of Pitts’ motion to suppress.
2. Sentence
Pitts raises three separate procedural challenges to his sentence.
First, Pitts contends that the district court erred in applying a two-level enhancement under the United States Sentencing Guidelines (“Guidelines”) for possession of a stolen firearm. See U.S.S.G. § 2K2.1(b)(4)(A). “The government has the burden of proving the facts necessary to support a sentence enhancement by a preponderance of the evidence.” United States v. Pham, 545 F.3d 712, 720 (9th Cir.2008).
The presentence investigation report (“PSR”) stated that the firearm that Pitts was convicted of possessing had been reported stolen. Pitts filed an opposition to the PSR contending, in relevant part, that he disputed the “stolen nature” of the firearm. “[Wjhen a defendant objects to a PSR’s factual findings, ‘[t]he court may not simply rely on the factual statements in the PSR’ to find that the government has carried its burden.” United States v. Snipe, 515 F.3d 947, 955 (9th Cir.2008) *678 (quoting United States v. Ameline, 409 F.3d 1073, 1086 (9th Cir.2005) (en banc)).
The government introduced no evidence at the sentencing hearing to support the allegation in the PSR that the firearm was stolen, and thus failed to carry its burden. Thus, because the preponderance of the evidence does not support the application of the stolen firearm enhancement, we conclude that the district court erred in imposing that enhancement. Error in calculating the correct Guidelines sentencing range is a procedural error that requires reversal of the sentence. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (“it would be procedural error for the district court ... to calculate incorrectly the Guidelines range”).
Second, Pitts argues that the district court (relying on the PSR) miscalculated his criminal history score when it aggregated his original eight-month jail sentence for a 2005 marijuana possession conviction and subsequent one-year prison sentence on revocation of his probation, to assign three criminal history points to that offense. See U.S.S.G. § 4A1.1(a) (stating that a sentence of imprisonment exceeding thirteen months results in three criminal history points).
The district court did not err in calculating Pitts’ criminal history score. U.S.S.G. § 4A1.2(k) instructs courts to combine the term of imprisonment for a revocation of probation with the original term of imprisonment when assigning criminal history points. Aggregating the initial eight-month sentence and one-year revocation sentence, the 2005 marijuana possession conviction resulted in a sentence exceeding thirteen months. Thus, there was no error in the calculation of Pitts’ criminal history score.
Third, and finally, Pitts contends that the district court erred in failing to consider the 18 U.S.C. § 3553(a) sentencing factors, and by attaching a presumption of reasonableness to the Guidelines. The record reflects, however, that the district court considered the § 3553(a) factors and concluded that the Guidelines amounted to the best approach in Pitts’ particular case in imposing a within-Guidelines sentence. Our precedents do not require more. See United States v. Carter, 560 F.3d 1107, 1117 (9th Cir.2009) (explaining that “[wjhen a district court imposes a within-Guidelines sentence, the explanation of its decision-making process may be brief’).
The judgment of conviction is AFFIRMED, the sentence VACATED, and the case REMANDED to the district court for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.